**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madluvv LLC, | No. CV-21-01683-PHX-JAT |
| Plaintiff/counterdefendant, | **ORDER** |
| v. | |
| Brow Trio LLC, et al., | |
| Defendants/counterclaimants. | |

Pending before the Court are Counter-defendant's motion to dismiss the counterclaim (Doc. 27) and a discovery dispute (Doc. 44).

**Motion to Dismiss**

Counter-defendant filed a motion to dismiss the counterclaim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 27). Notwithstanding Rule 12's prohibition on attaching exhibits to a 12(b)(6) motion, Counter-defendant attached 14 exhibits to the motion to dismiss, totaling 77 pages. In the motion, Counter-defendant makes no argument as to procedurally how or why the Court could consider these documents that are forbidden by Rule 12(d). In responding to the motion to dismiss, Counterclaimants point out this glaring procedural problem (among others). In reply, Counter-defendant argues that all of the exhibits are incorporated by reference into the counterclaim. Specifically, Counter-defendant states:

> [Counterclaimants'] contention that [Counter-defendant's] exhibits to its Motion to Dismiss are improper at the motion to dismiss stage is incorrect. It is well settled that a court may consider documents extraneous to the complaint or counter-claim in evaluating a motion to dismiss through the

doctrine of incorporation by reference. The documents appended as Exhibits to Plaintiff's motion to dismiss Defendants' counter-claims are referred to extensively in or as the basis for Defendants' counter-claims. [citation omitted]. [Counter-defendant's] exhibits are referred to or form the basis for the counter-claims as follows by exhibit number and counter-claim paragraph number: Exhibit 1 - ¶¶ 27, 28, and 30; Exhibit 2 - ¶¶ 27, 28, and 30; Exhibit 3 - ¶¶ 27, 28, and 30; Exhibit 4 - ¶¶ 27, 28, and 30; Exhibit 5 - ¶70 and 72; Exhibit 8 - ¶¶63 and 64; Exhibit 9 - ¶¶ 63 and 64; Exhibit 10 - ¶¶ 63 and 64; Exhibit 12 - ¶ 4; and, Exhibit 13 - ¶¶ 70 and 72.

(Doc. 35 at 9).

This is the totality of Counter-defendant's argument leaving to the Court to piece together, for example, what is in Exhibits 1-4 and whether they are truly incorporated by reference into paragraphs 27, 28 and 30 of the counterclaim. Paragraphs 27, 28 and 30 of the counterclaim state: "27. Madluvv no longer sells the stencil shown in the photograph above as part of any eyebrow stamp kit sold by Madluvv. 28. Madluvv no longer sells any eyebrow stamp kits with stencils which do not include the words 'long' and 'short.'… 30. Upon information and belief, as of March 2020, no manufacturer offered an eyebrow stencil that provided both a short and long options in the same stencil." (Doc. 13 at 18). Exhibits 1, 2, and 3 purport to be internet screen shots *contradicting* paragraphs 27, 28 and 30. Exhibit 1 is an Amazon page purporting to show the stencil referenced in paragraph 27 on a wish list. (Doc. 27 at 6). Exhibits 2 and 3 purport to be a still picture of a Tik Tok video showing a person using the product referenced paragraph 27 (albeit at an unknown time) (Doc. 27 at 7). And Exhibit 4 purports to be a screen shot of Madluvv's website claiming the product was referenced (again at an unknown point in time) in certain national forums (like Shape magazine). (Doc. 27 at 7).

Counter-defendant either has a basic misunderstanding of federal procedure or the Reply in this case is a disingenuous application of the law. Incorporated by reference allows a court to consider documents "whose contents are alleged in a [counterclaim] and whose authenticity no party questions, but which are not physically attached to the [counterclaimants'] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th 2005). First, evidence that purports to *contradict* the allegations in the counterclaim can never be "contents that are *alleged* in the counterclaim." Second, unauthenticated internet screen

- 2 -

shots, with unknown original content creation dates, are not "evidence whose authenticity no party questions" in this case (or likely any other case).

All other Exhibits suffer from the same deficiencies identified with respect Exhibits 1-4. Specifically, they in no way meet the test for incorporation by reference into the counterclaim. Thus, the Court cannot consider any of them in the context of a Rule 12(b)(6) motion.[1]

Rule 12(d) permits the Court to consider evidence on a 12(b)(6) motion if the Court converts the motion to one under Rule 56 (after giving notice and an opportunity to present evidence to the opposing party). Here, the Court has not converted the motion because a conversion would be futile. None of the Exhibits are submitted in a form that would be admissible at trial. For the Court to rely on evidence to grant summary judgment under Rule 56, the evidence must be in an admissible form. *See Quanta Indemnity Co. v. Amberwood Homes LLC*, 2014 WL 1246144, *2 (D. Ariz. March 26, 2014); *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1121 (E.D. Cal. 2006). Thus, because none of the evidence submitted with the motion to dismiss is in an admissible form, the Court could not consider it even if the Court converted this filing to a motion under Rule 56.

Moreover, even if the Court were to inappropriately consider this evidence under Rule 12 or Rule 56, it does not actually disprove the allegation in paragraph 27. The allegation is that Madluvv "no longer sells." Undated evidence that could merely show that Madluvv "used to sell" does not prove what Madluvv currently sells.

The Court having now excluded all Exhibits attached to the motion to dismiss, the Court must next decide if enough substance of the motion remains that the Court can rule on the merits of the motion. Another basic legal principle in deciding a motion filed under Rule 12(b)(6) is that the court must presume all factual allegations are true and construe all

---

[1] There may be an argument that the Court could have taken judicial notice of some of the Exhibits (specifically the ones that purport to be in the public record of the Patent and Trademark Office). However, Counter-defendant did not make this argument (nor authenticate the documents) and the Court will not make such argument on Counter-Defendant's behalf.

factual inferences in the light most favorable to the drafter of the complaint/counterclaim. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). With respect to counterclaims 1-3 (all involving trademark law), Counter-defendant fails to heed this principle and instead attempts to disprove Counterclaimants' assertion that Counterclaimants own a trademark. Part of this attempt is through the submission of evidence. Given that the Court cannot consider this evidence, and that the Court must presume the allegations of the counterclaim to be true, the Court will deny the motion to dismiss. This denial is without prejudice to Counter-defendant re-asserting these arguments on summary judgment if Counter-defendant has admissible evidence to support such arguments.

With respect to the fourth (and final) counterclaim, Counter-defendant argues that the Court need not assume the allegations in the counterclaim are true because such allegations are legal conclusions. (Doc. 35 at 7); *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court does not have to accept as true a legal conclusion couched as a factual allegation). The Court has reviewed the Counterclaim (Doc. 13 at 27) and finds that of the paragraphs related to the fourth counterclaim (¶¶112-123), only paragraph 121 is a legal conclusion. Therefore, the Court must accept all factual allegations other than paragraph 121 as true.

This fourth counterclaim alleges a violation of the Arizona Patent Troll Prevention Act §§ 44-1421 et seq. This claim arises from a November 6, 2020 letter (Doc. 1 at 32-36) sent by Counter-defendant to two Defendants in this case (one such Defendant–the individual–has now been dismissed by agreement of the parties). A large segment of the motion to dismiss this fourth counterclaim presents arguments and facts to attempt to show Counter-defendant acted in good faith. (Doc. 27 at 24-29). However, on a motion to dismiss under Rule 12(b)(6), the Court cannot decide facts to conclude that the movant acted in good faith to refute the Counterclaimants' allegations that the movant acted in bad faith. Again, the Court must assume the Counterclaimant's allegations are true.

With respect to the fourth counterclaim, Counter-defendant goes on to argue that

because the November 6, 2020 letter uses the words "patent pending" repeatedly rather than "patent," the letter was not attempting to "enforce" a patent. Counter-defendant also argues it was only "looking into" whether it had an enforceable right via the letter. (Doc. 27 at 24).

The letter states: "If you should you fail to comply, our Clients will take all appropriate actions to protect their valuable copyright, **patent**, trademark and trade dress rights, both in the US and internationally." (Doc. 1 at 34) (emphasis added). Construing all inferences in favor of the Counterclaimants for purposes of a 12(b)(6) motion to dismiss, the Court finds this language is enough to state a claim. The fact that Counter-defendant argues for a different interpretation of the letter is a matter for summary judgment or trial.

Finally, the Court has not considered Counter-defendant's argument that the letter should be disregarded because the company to which it was sent is now defunct. The Court did not consider this argument because all evidence regarding this argument was in the inadmissible Exhibits. Moreover, that company has been named as a Defendant in this case *by Counter-defendant* and has appeared to defend itself and filed a counterclaim. Thus, this Court's own record calls into question the accuracy of Counter-defendant's inadmissible evidence that such company is now defunct.

For all of the foregoing reasons, the motion to dismiss the counterclaim for failure to state a claim is denied.[2]

Alternatively, Counter-defendant moves to "stay" counterclaims 1-3 until the Trademark Office reaches final resolution of the Perfect Brows in Seconds trademark application (Serial Nos. 90/645,904 and 97/123,267). This request is raised for the first time in the Reply to the motion to dismiss; thereby depriving Counterclaimants of the opportunity to brief the issue. For this reason alone, this request is denied.

---

[2] The Court notes that Counter-defendant requested oral argument on the motion to dismiss. Because the motion to dismiss relied on inadmissible evidence as to each count of the counterclaim, no oral argument could have changed the Court's decisional process. Accordingly, the request for oral argument is denied. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Moreover, the Court finds that no stay is justified at this time. The parties should be (discussed more fully below) engaging in discovery. While some of this discovery may overlap the information being presented to the Trademark Office, that does not make the information non-discoverable. Indeed, even if the Trademark Office had reached a final decision, that alone would not prevent discovery of the information presented to the office or related to this claim. Thus, the motion to stay is also denied on the merits.

**Discovery Dispute**

The parties have filed a brief regarding a discovery dispute. (Doc. 44). In summary, Defendants object to Plaintiff's unilateral refusal to engage in discovery. The Court agrees with Defendants that Plaintiff has no viable justification for such behavior.

Plaintiff makes two arguments regarding why it is not engaging in discovery. First Plaintiff argues that the parties have had some settlement discussions. There is no rule or law that holds that if the parties discuss settlement, one party can quit following the Federal Rules of Civil Procedure and unilaterally quit responding to all discovery. Thus, Plaintiff's first justification is rejected.

Second, Plaintiff argues that until the Court rules on the motion to dismiss the counterclaim, any discovery into the issues in the counterclaim should be stayed (and Plaintiff further argues that all outstanding written discovery and notices of depositions relate to the counterclaim). At this point, the motion to dismiss has been denied; thus, this argument is moot. However, even before the Court ruled on the motion to dismiss, this argument did not justify Plaintiff's tactics.

In their joint brief, the parties agree that Plaintiff's written discovery responses were due in January and the deposition dates Defendants noticed have all passed without depositions. (Doc. 44). Plaintiff chose to let these deadlines elapse without seeking any relief from the deadlines from the Court. Indeed, Plaintiff seemed to know Court intervention was required because Plaintiff previously moved to stay discovery, but withdrew that motion in February. (Doc. 42). Given that the Court has not stayed any part of this case, Plaintiff has no justification for failing to respond to discovery in a timely

fashion. (The Court is also concerned that in the now-withdrawn motion to stay (Doc. 40) Plaintiff conceded that some of the outstanding discovery did not relate to the counterclaim; thus, Plaintiff does not even have a misplaced excuse for why it did not respond to this discovery.[3])

Based on the foregoing, the Court will order all outstanding discovery be complied with on the schedule specified below.[4]

**Sanctions**

The Court notes that in the joint brief, Defendants state, "[Defendants'] position is that a party cannot simply decide unilaterally to not respond to discovery and that **Madluvv's position to do just that should be harshly sanctioned**." (Doc. 44 at 3) (emphasis added). However, Defendants did not specifically move for sanctions in the joint brief. The Court will set a deadline for Defendants to move for sanctions (if they so choose) below. This deadline will be after the outstanding discovery responses are due. If Plaintiff complies with this Order, Defendants may move for attorneys' fees related to the discovery dispute (but not motion to dismiss) issues. Any such motion must comply with the Rule 16 scheduling order. Specifically, this Court has not by this Order found that fees are appropriate; thus, any such motion must show both an entitlement to fees and the reasonableness of the fees sought.[5] If Plaintiff fails to comply with this Order, Defendants may move for whatever sanctions they deem appropriate up to and including dismissal of

---

[3] Of similar concern, the Court notes that at points Counter-defendant appears to argue that the Trademark Office has finally adjudicated the trademark that forms the basis of the counterclaims (Doc. 35 at 2 (although the page was numbered 1 by Counter-defendant, it is in fact page 2)) and at other points argues that the Court should stay discovery on the trademark counterclaims because the Trademark Office has not finally adjudicated this trademark (Doc. 35 at 5 (numbered 4 by Counter-defendants)). Because the truth of the status of the proceedings before the Trademark Office would not impact this Order, the Court has not undertaken to reconcile these seeming inconsistencies.

[4] As stated in the Court's Scheduling Order (Doc. 30 at 3), the Court may rule on the parties' discovery dispute without argument. Based on the parties' filing, the Court finds that no hearing was necessary.

[5] As a reminder, the Scheduling Order states: "If attorney's fees are sought, the movant must specify under what Federal Rule (including the appropriate subpart), statute or case the movant is seeking fees. The request for fees must further specify whether fees are sought against counsel, the client or both (and if both in what percentages)." (Doc. 30 at 4).

the complaint. *See Hauser v. Smith*, CV 20-8138-PHX-JAT (JFM), (Doc. 140) (D. Ariz. November 24, 2021) (recommending dismissal of the complaint as a discovery sanction) (*report and recommendation adopted* CV 20-8138-PHX-JAT (JFM) (Doc. 143) (D. Ariz. January 5, 2022)).

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss the counterclaim (Doc. 27) is denied.

**IT IS FURTHER ORDERED** that Plaintiff produce all responsive documents and respond in writing to all outstanding discovery requests within 14 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff make the noticed deponents available for deposition within 28 days of this Order.

**IT IS FURTHER ORDERED** that Defendants may (but are not required to) move for sanctions consistent with this Order within 35 days of this Order.

Dated this 19th day of April, 2022.

James A. Teilborg
Senior United States District Judge