**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madluvv LLC, | No. CV-21-01683-PHX-JAT |
| Plaintiff/counterdefendant, | **ORDER** |
| v. | |
| Brow Trio LLC, et al., | |
| Defendants/counterclaimants. | |

The parties have stipulated to the entry of a protective order.   (Doc. 47). Specifically, the parties seek to mark as confidential:

> Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as Protected Material Information and Materials that contain confidential information. The parties shall not designate material as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" unless it comprises or contains sensitive technical, marketing, financial, sales, pending domestic and foreign patent applications, trade secrets, private information, or other information of such a sensitive nature that a party reasonably fears potential competitive injury or invasion of privacy resulting from the disclosure of the information to any other party.

(*Id.* at 2).

Basically, the parties place no limitations on what can be marked as confidential other than to state that it will be information not already in the public domain.  (*Id.* at 1). Further, a very wide set of documents may be marked highly confidential under the proposed protective order.

The Court finds that the parties have failed to show cause for the need for a protective order in this case.  Specifically, global protective orders are not appropriate. *See*

*AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties seem to assume that if information is not in the public domain (a term they do not define) then the information is available for protection.  As indicated above, under the law, this is too broad a category of information to be entitled to protection. Moreover, it fails to show good cause and specific prejudice as to each document. Thus, the stipulation for a protective order is denied without prejudice.

Additionally, having read the complaint and counterclaim, the Court notes that the majority of information relevant to this case involving trademark infringement is already used publicly in commerce.  Thus, the Court is skeptical that very much discovery in this case will ever qualify for a protective order.

Notwithstanding the foregoing, the parties may redact any information listed in Federal Rule of Civil Procedure 5.2 without further Court order.  Additionally, the parties are free to enter into any private discovery contract they choose.  However, if they want a Court Order, they must meet the stringent standards for being entitled to a protective order under Rule 26.

Based on the foregoing,

**IT IS ORDERED** that the stipulation for a protective order (Doc. 47) is denied without prejudice.

Dated this 10th day of May, 2022.

James A. Teilborg
Senior United States District Judge