**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madluvv LLC, | No. CV-21-01683-PHX-JAT |
| Plaintiff/counterdefendant, | **ORDER** |
| v. | |
| Brow Trio LLC, et al., | |
| Defendants/counterclaimants. | |

Pending before the Court is a discovery dispute between the parties. (Doc. 68). The parties agree that a hearing is not necessary, and the Court concurs. (*Id.* at 4). The dispute centers on two Rule 30(b)(6) deposition notices issued by Plaintiff to Defendant The Brow Trio, LLC and Defendant La Perma Artistry, LLC. These Defendants are in different procedural postures regarding their Rule 30(b)(6) notices so the Court will consider them separately.

**The Brow Trio, LLC**

It is undisputed that The Brow Trio, LLC has already appeared for a Rule 30(b)(6) deposition. (Doc. 68). However, Plaintiff seeks to reconvene that deposition to ask further questions. To this end, Plaintiff has sent another Rule 30(b)(6) notice of deposition. As far as the Court can tell, there are no new topics or categories in the new notice. From the joint discovery dispute brief, it appears Plaintiff's basis for seeking to reconvene the deposition is that the designated Rule 30(b)(6) deponent could not or would not fully answer questions on the noticed topics. (*Id.* at 1-2).

Defendants dispute whether the Rule 30(b)(6) deponent fully answered the questions; and, even if she did not, whether "perfect" answers on the noticed topics were required. (*Id.* at 2). Further, Defendants complain about Plaintiff's counsel's behavior at the prior deposition. (*Id*. at 2-3).

On this record, the Court finds no basis to reconvene and/or continue the prior Rule 30(b)(6) deposition. There is no dispute that a witness was produced who could and did bind the company with answers on the topics. Accordingly, the Court will quash the renewed/second Rule 30(b)(6) notice to The Brow Trio, LLC.

This Court generally agrees with the court in *Fuentes v. Classica Cruise Operator Ltd, Inc*., 32 F.4th 1311, 1322 (11th Cir. 2022) that a company does not fail to comply with a Rule 30(b)(6) notice merely because the designated witness could not answer every question. Nonetheless, the company is bound by its designated witness's answers. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1103 (9th Cir. 2018) ("'[A] corporation *generally* cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative.' 7 James Wm. Moore et al., *Moore's Federal Practice* § 30.25[3] (3d ed. 2016) (emphasis added). As such, 'courts have ruled that because a Rule 30(b)(6) designee testifies on behalf of the entity, the entity is not allowed to defeat a motion for summary judgment based on an affidavit that conflicts with its Rule 30(b)(6) deposition or contains information that the Rule 30(b)(6) deponent professed not to know.' *Id.*").

The Court notes that here the parties dispute whether the Rule 30(b)(6) deponent fully answered the questions, which the Court need not resolve at this time. But whatever the scope of her answers, The Brow Trio, LLC is generally bound by those answers.

As a result, typically a company is motivated to bring a very knowledgeable Rule 30(b)(6) witness because the company is bound by, and limited to, that witness's answers for purposes of this litigation. Again, at this time, the Court does not need to decide the completeness of The Brow Trio LLC's answers. Further, the Court need not at this time determine whether, when the witness's first answer was allegedly incomplete, such

incompleteness was cured by a more full answer later in the deposition. *See generally Snapp*, 889 F.3d at 1104-05. But the Court does hold that the answers from the deposition are generally the outer limit of The Brow Trio, LLC's answers for purposes of this litigation.

**La Perma Artistry, LLC**

Plaintiff has also sent a Rule 30(b)(6) notice of deposition to Defendant La Perma Artistry, LLC. It appears undisputed that this is the first such notice to this Defendant.

Defendants' main objection to this notice appears to be that it is "late" in the discovery period. (Doc. 68 at 3). Specifically, Plaintiff noticed this deposition on September 15, 2022, for October 7, 2022, and discovery closes October 14, 2022. While it may not be ideal to notice a deposition 7 days before the close of discovery, the Court is aware of no Rule or case that prohibits it. Defendants' argument (offered without citation) that Plaintiff must justify taking discovery so late in the discovery period, to the Court's knowledge, is not the law. Further, the Court finds that the September 15 notice for an October 7 deposition was reasonable. Finally, although Defendants argue that Plaintiff's counsel was "abusive" a the prior 30(b)(6) deposition (which Plaintiff's counsel disputes), the Court will not preclude all future discovery based on this allegation. Thus, Defendant La Perma Artistry, LLC must appear for its Rule 30(b)(6) deposition as noticed.

**Conclusion**

The Court resolves the discovery dispute filed at Doc. 68 as follows:

**IT IS ORDERED** that the second notice of a Rule 30(b)(6) deposition to Defendant The Brow Trio, LLC is quashed.

**IT IS FURTHER ORDERED** that La Perma Artistry, LLC is ordered to produce one or more designees to testify at a Rule 30(b)(6) Deposition on October 7, 2022, pursuant to the Notice of Deposition served on La Perma Artistry, LLC on September 15, 2022.

Dated this 30th day of September, 2022.

James A. Teilborg
Senior United States District Judge